**Dismissed and Memorandum Opinion filed October 24, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00778-CR

---

**ALBERTO CELARIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1504399**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of aggravated robbery with a deadly weapon. In accordance with the terms of a plea bargain, on July 11, 2017, the trial court sentenced appellant to confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until August 21, 2017.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

In addition, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).